UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICE, AND PRODUCT LIABILITY LITIGATION | CASE NO. MDL No. 1699 |
| This Document Relates to:<br><br>Maudie H. Davis        06-0446 CRB<br>Bernice Maddox       06-0446 CRB<br>May Joy Bradley      06-5258 CRB<br>Dustin Stacy            07-3494 CRB<br>Alvin Wright            10-3060 CRB | [~~PROPOSED~~] ORDER GRANTING PFIZER DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CLAIMS WITH PREJUDICE<br><br>PTO 31 COMPLIANCE MOTION NOS. 6 AND 7<br><br>Date:  February 4, 2011<br>Time:  9:30 a.m.<br>Judge: Hon. Charles R. Breyer |

THIS MATTER having come before the Court on the Pfizer Defendants' Expedited Motion to Dismiss Plaintiffs' Claims with Prejudice; the parties having received due notice and having had the opportunity to be heard; and this Court having considered all submissions made in support of and in opposition to the motion, finds as follows:

Plaintiffs listed in the caption to this Order have failed to comply with Pretrial Order No. 31 ("PTO 31") and Pretrial Order No. 35 ("PTO 35") by failing to provide Defendants with a

- 1 -

1  completed Docket Data Sheet ("DDS") and documents responsive to the requests contained in the
2  DDS (plaintiff Alvin Wright) and a Case-Specific Expert Report (May Joy Bradley, Maudie H.
3  Davis, Bernice Maddox, and Dustin Stacy) (collectively, "the material required by PTO 31 and
4  PTO 35"). Plaintiffs also have failed to comply with the orders issued by the Special Master,
5  Judge Fern M. Smith (Ret.) on October 7, 2010 and December 16, 2010, requiring plaintiffs to
6  provide the material required by PTO 31 and PTO 35 by October 14, 2010 and December 16,
7  2010, respectively, or face dismissal with prejudice ("the Compliance Orders"). Plaintiffs' failure
8  is particularly egregious given the numerous efforts the Court and the parties have made to
9  provide notice of Plaintiffs' discovery obligations. (*See* Pfizer Defs.' Mem. of P. & A. in Supp.
10 of Mot., at 3-5; Declaration of Michelle W. Sadowsky in Supp. of Pfizer Defs.' Mot. to Dismiss,
11 ¶¶ 2-13.)

12  Based on these failures, the Court also finds as follows:

13  (1)  The public's interest in expeditious resolution of this litigation is compromised by
14 Plaintiffs' failure to comply with PTO 31 and PTO 35 and the Special Master's Compliance
15 Orders. This Court and the public have an overriding interest in securing the just, speedy, and
16 inexpensive determination of every action. Plaintiffs' delay is unreasonable and has impeded the
17 resolution of these matters.

18  (2)  The Court's need to manage its docket is compromised by plaintiffs' failure to
19 comply with PTO 31 and PTO 35 and the Special Master's Compliance Orders. The Court
20 cannot effectively move forward with the cases in which plaintiffs have provided the required
21 discovery when other plaintiffs have failed to do so. Dismissal of these Plaintiffs will serve to
22 appropriately penalize these Plaintiffs for their non-compliance and also will encourage other
23 plaintiffs to comply with this Court's case management orders.

24  (3)  Defendants are prejudiced by Plaintiffs' failure to comply with PTO 31 and PTO
25 35 and the Special Master's Compliance Orders. Without the material required by PTO 31 and
26 PTO 35, the Pfizer Defendants cannot meaningfully evaluate plaintiffs' cases for resolution or
27 evaluate other alternatives for disposing of plaintiffs' cases.

28  (4)  The public policy favoring disposition on the merits is overridden by Plaintiffs'

1  failure to comply with PTO 31 and PTO 35 and the Special Master's Compliance Orders. The
2  Court finds that Plaintiffs' failure to provide the required material obstructs resolution of their
3  claims on the merits. A case that is stalled or unreasonably delayed by a party's failure to comply
4  with deadlines and discovery obligations cannot move forward toward resolution on the merits.
5  Accordingly, this dismissal factor does not weigh in favor of Plaintiffs at all.

6    (5)   There are no less drastic sanctions available to force Plaintiffs to comply with this
7  Court's orders. The Court finds that PTO 31 and PTO 35 (by reference to PTO 31) and the
8  Special Master's Compliance Orders both provide specific warnings stating that plaintiffs' claims
9  may be dismissed with prejudice for failure to comply with their obligations. The Court also
10 finds that Plaintiffs received warning letters from Defendants that prompted no response.

11    Accordingly, after weighing the dismissal factors discussed in *Malone v. U.S. Postal*
12 *Serv.*, 833 F.2d 128, 130 (9th Cir. 1987), and *In re Phenylpropanolamine (PPA) Prods. Liab.*
13 *Litig.*, 460 F.3d 1217 (9th Cir. 2006), and in light of this Court's role in overseeing this
14 multidistrict litigation, the Court hereby finds that dismissal of Plaintiffs' claims with prejudice is
15 warranted.

16    THEREFORE, IT IS HEREBY ORDERED THAT the Pfizer Defendants' Expedited
17 Motion is GRANTED and the claims of the plaintiffs listed in this caption are DISMISSED
18 WITH PREJUDICE.

19 **IT IS SO ORDERED.**

20 Dated: February 4, 2011

HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE